Arnold B. Calmann (abc@saiber.com)
Jakob B. Halpern (jbh@saiber.com)
SAIBER LLC
One Gateway Center
10th Floor, Suite 1000
Newark, New Jersey 07102
Tel.:    (973) 622-3333
Fax:    (973) 286-2465

Kevin P.B. Johnson (kevinjohnson@quinnemanuel.com)
Victoria F. Maroulis (victoriamaroulis@quinnemanuel.com)
QUINN EMANUEL URQUHART
  & SULLIVAN LLP
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065
Tel.:    (650) 801-5000
Fax:    (650) 801-5100

*Attorneys for Plaintiff*
*JUUL LABS, INC.*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JUUL LABS, INC.,**<br><br>                    **Plaintiff,**<br><br>**v.**<br><br>**EONSMOKE, LLC;**<br>**ZLAB S.A.;**<br>**ZIIP LAB CO., LTD.;**<br>**SHENZHEN YIBO TECHNOLOGY CO.,**<br>**LTD.; and**<br>**JOHN DOES 1 – 50,**<br><br>                    **Defendants.** | Civil Action No.  _____<br><br>**Hon.**<br><br>**VERIFIED COMPLAINT**<br>**(JURY DEMAND)** |

Plaintiff Juul Labs, Inc. ("Juul Labs"), by its attorneys, for its complaint against Eonsmoke, LLC, with offices in Clifton, New Jersey, ZLab, S.A., with offices in Uruguay, Ziip Lab Co., Ltd, with offices in China, Shenzhen Yibo Technology Co., Ltd., with offices in China, and John Does 1 – 50 (collectively, "Defendants"), alleges as follows:

## INTRODUCTION

1.        Juul Labs' vaporizer products disrupted the traditional cigarette market in the United States and have given adult smokers a true alternative.  This disruption did not occur by happenstance.  Juul Labs has invested millions of dollars to design, produce, and bring to market the innovative and celebrated Juul-brand products, which consist of the Juul Device and the replaceable JUULPods that work with it.  Together, the products work as an electronic nicotine delivery system (commonly called a vaporizer or e-cigarette) and, consistent with the company's mission, are intended to help adult smokers transition away from traditional combustible cigarettes.  Both are protected by Juul Labs' design patents, which Juul Labs has never authorized another party to use.

2.        Juul Labs has never intended for underage users to buy or use its products.  Instead, Juul Labs has been in constant contact with the U.S. Food and Drug Administration ("FDA") and working with it to fulfill Juul Labs' mission, including limiting underage use of nicotine vaporizers.  Last fall, when the FDA publicly highlighted new concerns about youth use of e-cigarette products in the United States, Juul Labs expanded its existing Youth Action Plan to take additional steps to even more aggressively combat underage use of its products.  In line with that, in November 2018, Juul Labs changed how it was selling its JUULPods so that only tobacco- and menthol-based (mint and menthol) flavors would be distributed to retail stores.

3.        After Juul Labs pulled some of its flavor offerings from retail shelves, Defendants began purposefully re-filling that *same shelf space* in retail outlets, such as convenience and

vape stores, with millions of illegal e-cigarette cartridges that have intentionally kid-friendly flavor names and packaging like Sour Gummy, Peach Madness, and Silky Strawberry. Defendants also sell their cartridges online with virtually no age-verification requirements at all beyond requiring a purchaser to click a button and attest that he or she is over 18 years old, regardless of whether or not the purchaser is in a jurisdiction that restricts sales of tobacco products to ages 21 and up.  And Defendants have done this while being fully aware of Juul Labs' investments and designs, as well as Juul Labs' efforts to restrict youth access to nicotine products.  Indeed, Defendants initiated email campaigns offering big price cuts just after Juul Labs announced its voluntary actions, and increased their marketing efforts to highlight how Defendants' products are designed as cheaper "Juul compatible" pods that can replace legitimate JUULPods in the Juul Device.  None of Defendants' products are authorized by Juul Labs.  And none of them are approved by the FDA for sale either;  instead, the Defendants are *forbidden* by FDA regulations from selling *any* new products without first obtaining FDA premarket approval.

4.      None of this has deterred Defendants at all.  Their products have instead proliferated, incenting other compatibles makers to enter the market and collectively overtake the number of legitimate JUULPods offered in many retail stores.  Defendants have done this as they skirt regulatory requirements while taking advantage of the opportunity left by Juul Labs' voluntary decision to pull certain flavors from retail stores in response to FDA concerns.

5.      Defendants' illegal conduct threatens immediate harm to the health of consumers in New Jersey and elsewhere, particularly youth.  And Defendants are doing this by blatantly stealing Juul Labs' patented designs, free riding on its goodwill and reputation, and sowing misperceptions about it in the public.  As a result, Juul Labs is being harmed as people mistakenly attribute Defendants' unlawful misconduct with Juul Labs.  For the reasons described

below, emergency relief is needed to preliminarily and permanently enjoin Defendants' ongoing misconduct.

## PARTIES

6.      Juul Labs is a corporation organized in the State of Delaware, with its principal place of business at 560 20th Street, San Francisco, California 94107.  Juul Labs was originally called Ploom and then Pax Labs.  In 2017, Juul Labs and Pax Labs, Inc. became separate companies.

7.      On information and belief, Eonsmoke LLC ("Eonsmoke") is a New Jersey limited liability company with its principal place of business at 1500 Main Ave., 2nd Floor, Clifton, New Jersey 07011.

8.      On information and belief, ZLab S.A. ("ZLab") is an Uruguayan corporation with its principal place of business at Ave. Golero, 911 Office 27, Punta Del Este, Maldonado, Uruguay, 20100.

9.      On information and belief, Ziip Lab Co., Ltd. ("Ziip Lab") is a Chinese company with its principal place of business at E District 4F, 5 Building, Wen Ge Industrial Zone, Heshuikou, Gongming St., Guangming New District, Shenzhen City, Guangdong Province, China 518106.

10.     On information and belief, Shenzhen Yibo Technology Co., Ltd. ("Yibo") is a Chinese company with its principal place of business at E District 4F, 5 Building, Wen Ge Industrial Zone, Heshuikou, Gongming St., Guangming New District, Shenzhen City, Guangdong Province, China 518106.

11.     ZLab, Ziip Lab, and Yibo are referred to collectively throughout the Complaint as "Ziip".

12.     On information and belief, Defendants John Does 1-50 are the presently unknown

other companies and individuals involved in the knowing and unlawful design, development,

manufacture, importation, promotion, distribution, and/or sale of the infringing products.

## JURISDICTION AND VENUE

13.     This action arises under the patent laws of the United States, 35 U.S.C. § 100 *et*

*seq.*, and this Court has original subject matter jurisdiction over the subject matter of this action

under 28 U.S.C. §§ 1331 and 1338(a).  This Court also has diversity jurisdiction under 28 U.S.C.

§ 1332 and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

14.     Juul Labs' claims against Defendants are based on:  (i) Defendants' infringement

of Juul Labs' design patents; (ii) Defendants' unfair competition with illegal and unapproved

products; (iii) Defendants' promotion and sale of such products to consumers in this District; and

(iv) Defendants' use of instrumentalities in this District to promote and sell the products.

15.     Venue is proper under 28 U.S.C. §§ 1391 and 1400(b) because Eonsmoke has a

regular and established place of business in this Judicial District and because ZLab, Ziip Lab,

and Yibo are alien defendants and have committed acts of infringement in this Judicial District.

16.     This Court has personal jurisdiction over Defendants because they directly target

business activities toward consumers in the United States, including the State of New Jersey,

through their known distribution and sale of e-cigarette products through at least the Eonsmoke

website located at www.eonsmoke.com, the Ziip website located at www.ziiplab.com, and

numerous physical retail stores located in New Jersey.  Specifically, upon information and belief,

all of the known Defendants are located in this District, and Defendants' infringing activities are

targeted to and sales are made to residents of New Jersey.  Defendants are committing tortious

acts, engaging in interstate commerce, and have wrongfully caused Juul Labs and the public

substantial injury in this District and nationwide.

## BACKGROUND

### Juul Labs' Innovative and Well-Known Designs

17.     Juul Labs was founded in 2007.  Its mission is to improve the lives of the world's one billion adult smokers by eliminating combustible cigarettes.  To that end, Juul Labs revolutionized the e-cigarette space by developing the innovative and award winning Juul System, made up of the Juul Device and JUULPods:



**Juul Device, JUULPods, and USB Charger**

18.     The Juul System is a combination of several Juul products:  (i) the Juul Device itself, and (ii) a disposable JUULPod that comes prefilled with an "e-liquid" that is a proprietary mixture of vaporizer carriers, nicotine salt extracts, and flavoring.  When a user inserts a JUULPod into the Juul Device and inhales through the mouthpiece, the device rapidly heats the e-liquid in the pod, aerosolizing it to allow the user to inhale a "puff" of the vaporized e-liquid.



19.     In 2018, FDA Commissioner Scott Gottlieb said that "[w]hile it's the addiction to nicotine that keeps people smoking, it's primarily the combustion, which releases thousands of harmful constituents into the body at dangerous levels, that kills people," and so "new innovations that don't use combustion, like the electronic cigarettes, offer an important opportunity for adults to transition off combustible tobacco."  **Exhibit 1.**  Because the Juul System allows users to obtain nicotine through a vapor rather than through inhaling smoke from a traditional combustible cigarette, Juul Labs believes that the Juul System can have a positive impact on smokers wanting to switch away from traditional tobacco products.

20.     Juul Labs has invested millions of dollars to develop, design, and introduce its innovative and celebrated products.  The Juul System has been a resounding success, reaching 76% of the overall pod-based e-cigarette market as reported by third-party analysts in the United States at the end of 2018.  And its broad adoption has led to numerous testimonials from adult smokers who attest that their lives have improved after switching away from traditional combustible tobacco products to the Juul System.  A recent study showed, for example, that of 9,272 adults who used a Juul Device for three months, 47% (4,367) reported at the end of the assessment that they had not smoked cigarettes at all in the prior 30 days, and among the participants still smoking cigarettes three months after initiating with the Juul Device, their

cigarette consumption had declined 51.7%.[1]  The Juul Device's success has also corresponded with an overall decline in cigarette use among adults.  For example, the Centers for Disease Control and Prevention reported a decrease in cigarette use among adults from 20.9% in 2005 to 14.0% in 2017.[2]

21.     From the time of its release in April 2015, the Juul Device and JUULPods have been praised for their simple, unique, and sophisticated designs.  When the products were first announced, for example, Wired.com ran an article titled "This Might Just Be the First Great E-Cig" and praised the company for using its "strong design savvy" to create a "beautiful" device. **Exhibit 2**.  The article recognized how different the Juul Device was from the current offerings in the e-cigarette marketplace, noting that earlier products came "in one of two packages," being "either small and round, designed to look and feel as much as possible like a cigarette, or they're huge, assembled from many parts, and spectacularly complicated.  Even the best of them look like you're smoking from an oboe."  The Juul Device, however, was "nothing like that."

22.     Industry website Vaping360.com likewise has praised the products, ranking the Juul System first in its 2017 and 2018 Best E-Cigarettes buyers guides and noting that "[b]y

---

[1]   Neil McKeganey Ph.D., Christopher Russell Ph.D., Farhana Haseen Ph.D., *Vaping and the Number of Cigarettes Not Now Smoked: An Additional Means of Assessing the Public Health Impact of E-cigarettes*, JOURNAL OF PULMONARY AND RESPIRATORY MEDICINE (Feb. 18, 2019), available at https://www.gavinpublishers.com/articles/Research-Article/Pulmonary-and-Respiratory-Medicine-Open-Access/vaping-and-the-number-of-cigarettes-not-now-smoked-an-additional-means-of-assessing-the-public-health-impact-of-e-cigarettes.

[2]   *See Current Cigarette Smoking Among Adults in the United States*, CENTERS FOR DISEASE CONTROL AND PREVENTION, available at https://www.cdc.gov/tobacco/data_statistics/fact_sheets/adult_data/cig_smoking/index.htm.

combining quality technology into a modern design with consistent performance, the JUUL was destined for greatness."[3]

23.     Juul Labs' innovative system, unique designs, and proprietary e-liquid formulations provide a highly-satisfactory user experience.  The experience is reinforced when adult customers experience Juul Labs' excellent customer service.  All in all, Juul Labs' products and services have created significant brand loyalty.

### Juul Labs' Design Patents

24.     Juul Labs has protected its innovative designs through design patents, which cover the unique and novel ornamental appearance of each of Juul Labs' products.  Juul Labs owns all right, title, and interest in and to each of the asserted design patents.

25.     The D825,102 ("D'102") patent was issued by the United States Patent and Trademark Office ("PTO") on August 7, 2018 and is titled "Vaporizer Device with Cartridge." The D'102 patent claims "[t]he ornamental design for a vaporizer device with cartridge, as shown and described," and includes four embodiments.  A true and correct copy of the D'102 patent is attached as **Exhibit 7**.  Figure 1.1 of the patent shows a perspective view of one embodiment of the claimed design:



---

[3]  *See* Best E-Cigarettes, VAPING360 (July 20, 2018), https://vaping360.com/best-vapestarter-kits/e-cigarettes/; JUUL Review: See Why It's the Most Popular Vape, VAPING360 (July 20, 2018), https://vaping360.com/juul/juul-vapor-review/.

26.     The D842,536 ("D'536") patent was issued by the PTO on March 5, 2019 and is titled "Vaporizer Cartridge."  The D'536 patent claims "[t]he ornamental design for a vaporizer cartridge as shown and described," and includes four embodiments.  A true and correct copy of the D'536 is attached as **Exhibit 8**.  Figure 1.2 of the patent shows a perspective view of one embodiment of the claimed design:



27.     The D744,419 ("D'419") patent was issued by the PTO on December 1, 2015, and is titled "Charging Device for Electronic Vaporization Device."  The D'419 patent claims "[t]he ornamental design for a charging device for electronic vaporization device, as shown and described."  A true and correct copy of the D'419 is attached as **Exhibit 9**.  Figure 1 of the patent shows a perspective view of the claimed design:



28.     These design patents together cover the unique and ornamental appearances of Juul Labs' products.

### Juul Labs' Cooperation with the FDA

29.     In September 2018, the FDA publicly highlighted its concerns about what it called an "epidemic of nicotine use among teenagers."  The FDA asked Juul Labs and other e-cigarette manufacturers to provide action plans detailing steps they would take to address youth

use of their products.  Juul Labs, which already had been in communication and working with the FDA on these and other issues, immediately responded, indicating that it would work alongside the FDA toward that goal and began taking additional and more aggressive measures through Juul Labs' Youth Action Plan, which it had already implemented in April 2018.  **Exhibit 3**.

30.     Juul Labs' products are intended only for adult consumers of legal purchasing age, and Juul Labs has worked diligently in cooperation with the FDA to prevent sales to, and use by, minors.  *See, e.g.*, **Exhibit 4 (**FDA Oct. 31, 2018 Press Release commending Juul Labs' leadership for cooperative dialogue with FDA).  In addition, Juul Labs supports 21+ nationwide age requirements for purchasing tobacco products.  *See* **Exhibit 3**.

31.     In November 2018, to further respond to FDA concerns, Juul Labs also voluntarily stopped distributing certain flavors of JUULPods to retail stores.  As such, Juul Labs would only distribute Virginia Tobacco, Classic Tobacco, Menthol, and Mint flavored JUULPods to retail stores.  Juul Labs' other flavors, Cucumber, Creme, Fruit, and Mango, can still be purchased but only by adults 21 and over from the Juul.com website, which utilizes industry-leading age verification protocols.

### Defendants' Rampant Infringement and Misconduct

32.     While Juul Labs has been and remains committed to working with the FDA to address the problem of youth e-cigarette use, Defendants have done the opposite, brazenly selling millions of illegal e-cigarette cartridges with obviously kid-friendly flavor names like Sour Gummy and Peach Madness with packaging attractive to underage users.  And by design, Defendants do this with knock-off products that copy Juul Labs' patented designs.

33.     None of Defendants' products are authorized by Juul Labs.  And none of them are approved by the FDA for sale; instead, the Defendants are *forbidden* by FDA regulations from selling *any* of their new products without first obtaining FDA approval.  *See, e.g.*, **Exhibits 5 and 6** (Oct. 12, 2018 letters from FDA to Eonsmoke and ZLab).

34.     Defendants do not care.  They have instead acted with impunity, selling numerous infringing and illegal products in retail stores across the country and online:



**Images from Eonsmoke.com**

 

**Images from ZiipLab.com**

35.     Defendants' illegal products are rapidly proliferating through physical retail stores in New Jersey and throughout the United States.  Below, for example, are images from an EZ

Market convenience store on University Avenue in Newark where Eonsmoke's infringing, fruit-flavored offerings now outnumber legitimate tobacco- and menthol-flavored JUULPods 3 to 1:

   

**JUULPods**                    **Eonsmoke Pods** (top and bottom-left)

36.     An image from the convenience store at an Exxon in Freehold, New Jersey additionally shows that Eonsmoke's illegal, infringing cartridges are marked Juul Compatible and offered for sale side-by-side with JuulPods:



**Exxon Molly Pitcher in Freehold, New Jersey**

37.     Defendants' infringing cartridge products include at least Eonsmoke Pods, ZPods, Airbender Pods, PlusPods, and 4X Pods.[4]  Many of them are offered at nicotine levels up to 6% and 7%, where JUULPods are sold at 3% and 5% (with 5% being equivalent to a pack of traditional cigarettes).  There are also no apparent safety or quality guarantees as to the contents of the e-liquid inside these infringing products, which have an unknown composition and unknown manufacturing sources.

38.     Defendants market their infringing pods using kid-friendly flavor names in advertisements that often surround the products with images of fruit and dessert:

---

[4]  Eonsmoke products are also part of an International Trade Commission investigation initiated by Juul Labs.  *In the Matter of Certain Electronic Nicotine Delivery Systems and Components Thereof*, Inv. No. 337-TA-1139, USITC Pub. 3346 (Dec. 10, 2018) (Instituted; alleging infringement of Juul Labs utility patents by importers of knock-off systems).  Eonsmoke is an unregulated entity.



**Sample Eonsmoke Marketing**

39.     Eonsmoke does the same with the 4X Pod brand that it sells, prominently using products that infringe Juul Labs' protected designs to entice customers to buy cartridges such as the "4X Sour Gummy Juul Compatible 6.5% Salt Nic Pods" and the "4X Green Apple Juul Compatible 6.8% Salt Nic Pods":[5]



### 4X Sour Gummy Juul Compatible 6.5% Salt Nic Pods

Four 4X Sour Gummy Juul Compatible 6.5% Salt Nic Pods 1 ML pods
6.5% nic salts.

MORE DETAILS

REFERENCE:            4X Sour Gummy 6.5%
AVAILABILITY:         This product is no longer in stock

ADD TO CART                                    $14.99

---

[5]   4X Pods are also at issue in this District in *Juul Labs, Inc. v. 4X Pods, et al.,* No. 2:18-cv-15444-KM-MAH.



### 4X Green Apple Juul Compatible 6.8 % Salt Nic Pods

Four 4X Green Apple Juul Compatible 6.8% Salt Nic Pods 1 ML pods 6.5% nic salts.

**MORE DETAILS**

REFERENCE:           4X Green Apple 6.8%
AVAILABILITY:        This product is no longer in stock

ADD TO CART                                           $14.99

40. Eonsmoke also sells refillable 4X Pods that allow consumers to fill them with whatever substance they want, for use with the Juul Device. Eonsmoke says "Why buy a different system, [j]ust fill the pod with your favorite salt nic, cap it and put it into [the Juul Device]."[6]



### 4X Empty Pod Juul Compatible for Salt Nic

### Buy Empty Juul compatible (4) 0.7ml pods

Why buy a different system, Just fill the pod with your favorite salt nic, cap it and put it into

**MORE DETAILS**

REFERENCE:           4X-Empty
QUANTITY:    1                                        $9.99

**ADD TO CART**

---

[6] *See 4X Empty Pod Juul Compatible for Salt Nic*, EONSMOKE, available at https://www.eonsmoke.com/home/506-4x-blue-blackberry-juul-compatible-65-salt-nic-pods.html.

41.     Eonsmoke also appears to be running an online campaign on Reddit where it is actively sowing consumer confusion regarding the affiliation of its pods with Juul Labs products. An Eonsmoke-affiliated user on Reddit named "Eonjuulcompatiblepod" has the following biography "Eonsmoke.com is the 2nd largest pod company in the USA and top 5 in Salt Nicotine Bottled eLiquid.  Our pods are Juul compatible so you don't have to buy another device.  7 flavors including blueberry, watermelon and strawberry."[7]  This Eonsmoke representative comments on Reddit threads such as "What flavors do you guys wanna see next from JUUL?" with comments such as "We make watermelon.  Step over to the dark side!"[8]

42.     Eonsmoke also sells devices that copy the patented design of the Juul Device:



**Eonsmoke Devices**

---

[7]  "Eonjuulcompatiblepod" user profile, REDDIT, *available at* https://www.reddit.com/ user/Eonjuulcompatiblepod.

[8]  "What flavors do you guys wanna see next from JUUL?" REDDIT, *available at* https://www.reddit.com/r/juul/comments/8kpdun/what_flavors_do_you_guys_wanna_see_ next_from_juul/; *see also* "Are there any other devices that fit juul pods?" REDDIT, *available at* https://www.reddit.com/r/juul/comments/8k5wfa/are_there_any_other_devices_that_fit_ juul_pods/ (same user commenting "Our pods are compatible with the juul device and our devices are compatible with juul pods and we just lowered the retail to 20$ online after coupon.")

43.     Ziip is also associated with Eonsmoke products.  For example, on the back of Eonsmoke Pod packages, it says that the products are "Designed by ZLab S.A. Punta del Este – Uruguay."[9]

44.     Ziip also manufactures and sells its own copycat products, including the ZDevice:



### ZDevice – Basic Kit

**$28.99**

Color:   Choose an option

Quantity   1   ADD TO CART

SKU: N/A  Category: ZDevice

Description    Reviews (0)

**ZDevice System**

ZDevice system has made a name for itself with its simplistic, yet high-performance design, and amazing pod flavors. Although, if you're that big of a fan of other more expensive pod devices, you would probably understand the struggle of running on your last pod with your wallet feeling awfully light. This is truly one of life's largest, greatest existential problems. Grab Your ZDevice System Today!!

---

[9]   Ziip products are also part of investigations initiated by Juul Labs in the International Trade Commission.  *See In the Matter of Certain Cartridges for Electronic Nicotine Delivery Systems and Components Thereof*, Inv. No. 337-TA-1141, USITC Pub. 3354 (Nov. 20, 2018) (Instituted; alleging infringement of Juul Labs utility patents by importers of Juul compatible pods); *In the Matter of Certain Electronic Nicotine Delivery Systems and Components Thereof*, Inv. No. 337-TA-1139, USITC Pub. 3346 (Dec. 10, 2018) (Instituted; alleging infringement of Juul Labs utility patents by importers of knock-off systems).  The Ziip Defendants are unregulated entities.

45.     Ziip also sells fruit-flavored ZPods advertised as being "for [the] Juul Device":



46.     On information and belief, the Ziip Defendants are also affiliated with the Airbender brand.  On social media devoted to Airbender, the Airbender pods are prominently featured together with the ZDevice.  (*See* Airbender, available at https://www.airbenderpods.com; "Airbender Eliquid," FACEBOOK, available at https://www.facebook.com/airbendereliquid/; Airbendereliquid, INSTAGRAM, "Airbender Z pods ☺☺☺,"available at https://www.instagram.com/p/BfZ4aDgH0D1.)



47.     In another post on Instagram, the ZDevice is displayed with Airbender pods and surrounded by fruit, with the following caption:  "Paladin pods for the juul and ziip devices. Who's tried them?  Let us know how you like them!"[10]



48.     It is no wonder that many people mistakenly associate Defendants' infringing products with Juul Labs.  And such mistaken associations are responsible for the extremely damaging misconception that youth usage of these unauthorized and infringing products is condoned by Juul Labs, or that Juul Labs is responsible for it.

49.     Defendants are also selling these products through their websites, which have no meaningful age verification barriers at all.  Eonsmoke's website, for instance, encourages users to click a green button saying that they are over 18 years old.  Even in states such as New Jersey or California, where the legal age is 21, the message is no different and prompts users to confirm that they are over 18.  Indeed, New Jersey is one of the pioneer states in the 21+ movement, yet Eonsmoke makes no effort to protect New Jersey's underage consumers.  *See STATE System Tobacco 21 Fact Sheet*, CENTERS FOR DISEASE CONTROL AND PREVENTION (Sept. 30, 2018),

---

[10]   Airbendereliquid, INSTAGRAM, "Paladin pods for the juul and ziip devices. Who's tried them? Let us know how you like them!" available at https://www.instagram.com/p/BiPBF phjhRV/.

available at https://chronicdata.cdc.gov/download/873a-if74/application%2Fpdf (listing New Jersey as among just 5 states that have a minimum legal age of 21 for buying cigarettes and e-cigarettes); *see also* **Exhibit 3** (Juul Labs' Youth Prevention Initiative).  In addition to the deficient notice when the site first appears, there is no age verification when the user actually attempts the purchase on Eonsmoke's website.



50.     Similarly, Ziip's website, while ostensibly asking if the user is over 21 when it first loads, does not attempt any actual age verification when the user attempts to purchase a product.

51.     Defendants are also selling their infringing and unauthorized products through partner retail stores throughout the country.  In New Jersey alone, Eonsmoke advertises and identifies the following retail locations on its website where consumers can purchase Eonsmoke products:



52.     Further, unlike Juul Labs, which has disclosed the ingredients of its JUULPod to the FDA, Defendants are selling products that have never been approved by the FDA or deemed appropriate for sale.  According to the FDA's deeming date rule, any new tobacco-related products (including e-cigarette products) that were not for sale in the United States prior to August 8, 2016 cannot be sold before the ingredients are submitted to the FDA for approval 90 days before marketing.  *See* 21 U.S.C. § 387j; *see also Extension of Certain Tobacco Product Compliance Deadlines Related to the Final Deeming Rule (Revised)*, U.S. DEP'T OF HEALTH & HUM. SERVS., FDA (Nov. 2018), available at https://www.fda.gov/downloads/TobaccoProducts/ Labeling/RulesRegulationsGuidance/UCM557716.pdf.  None of Defendants' products were sold prior to the deeming date, and none have complied with the FDA's new regulations.  *See* **Exhibits 5 and 6** (Oct. 12, 2018 letters from FDA to Eonsmoke and ZLab).

53.     The risk of harm caused by Defendants' kid-targeted products is acute.  In an independent study commissioned by Juul Labs, the Centre for Substance Use Research asked almost 10,000 teenage respondents to identify the first flavor they ever tried in a Juul Device.  Of the self-reported users, 54.0% reported having initiated use of a Juul Device with a pod flavor

not manufactured by Juul Labs, whereas 31.2% reported a pod flavor manufactured by Juul

Labs.  A quarter of the first-time flavors identified by the adolescents matched products sold by

Ziip.  Even more troubling, of the respondents who had used a Juul Device in the past 30 days,

69% identified having used a flavor that the researchers could match back to Ziip.

54.    The study also tested the level of interest that youth had in various flavors of

pods, including both legitimate JUULPod flavors and flavors Juul Labs has never made.  The top

flavors were Cotton Candy, Strawberry, and Gummy Bear, none of which are JUULPod flavors.

55.    In short, Defendants are misusing Juul Labs' designs and goodwill to put nicotine

products into the hands of youth.  And this is all being done in a way that causes the widespread

misconception that Juul Labs is selling or is otherwise affiliated with Defendants' products.  In a

February 11, 2019 interview, the Centers for Disease Control and Prevention ("CDC") indicated

that they were working with the FDA to update the National Youth Tobacco Survey to include

references to the Juul brand in order to "capture Juul use among kids."  (https://www.cdc.gov/

media/releases/2019/t0211-tobacco-youth-rising.html.)  If Defendants continue to sell illegal

"Juul compatible" pods, there is a very real risk that researchers and respondents involved in the

CDC's survey efforts will mistakenly attribute Defendants' products to Juul Labs, giving the

false impression that Juul Labs is selling products to youth when in fact it is not.  It already may

be happening.  To the extent the FDA relies on any such inaccurate data to promulgate new

regulations or prohibitions on Juul Labs' products, the result could be catastrophic to Juul Labs'

business, as well as to adult consumers' access to Juul Labs' products.

56.    Defendants' products also threaten harm to Juul Labs' brand due to their inferior

quality.  Consumers are likely to attribute the poor quality to Juul Labs.  Indeed, for many of

Defendants' products, users have already noted various quality, and even safety, problems:

**4X Pods**

- "Brand new 4X Pods - **mold all over the connections**" … "Careful, inhaling **mold spores can be really dangerous** especially with direct contact like that. Might want to get checked out."  *See* "Brand new 4X Pods - mold all over the connections," REDDIT, available at https://www.reddit.com/r/juul/comments/ ai07vt/brand_new_4x_pods_mold_all_over_the_connections/.  (emphasis added here and in following cites).

- "**Taste like chemicals and leak so bad**!  The 6.5 got me excited too but they are **horrible.**" *See* "What are all of your thoughts on the brand 4x Pods?" REDDIT, available at https://www.reddit.com/r/juul/comments/9dxcpy/ what_are_all_of_your_thoughts_on_the_brand_4x_pods/.

- "This is second pack of 4X that I have bought, both at different stores, and they've all been **leaking like hell**."… "Mine **always leak**! A lot of times they'll **burn out halfway through** as well." … "**I hate the 4x pods**. They all taste the same and burn up real bad." … "But bought a pack of 4x Blue Raspberry and they **made it 'difficult' to breathe** for a minute or so after a hit." *See* "4X pods," REDDIT, available at https://www.reddit.com/r/juul/ comments/a1igun/4x_pods/.

**Airbender Pods**

- "My local vape shop has AirBender Z-pods. ... The juice itself is great, but the **pods are trash**. Every hit you have to pull the pod out and you will notice air bubbles float out of the coil, if you don't you'll get a dry hit. The pods leak like mad after the first hit and eventually will not fire when you hit your juul. The only way to get them to work again is to hit the juul very hard. Which causes and shit ton of splash back. I have refilled the Z-pods in hopes they would work better, but no luck. Maybe I happened to get a bad batch, who knows. So far 3/4 **pods are no good**. Shoud have just bought juul brand pods." *See* "AirBender Z-Pods," REDDIT, available at https://www.reddit.com /r/juul/comments/96tlie/airbender_zpods/.

- "I tried every Airbender pod and can honestly say...**They're terrible**. Waste of money. **Constantly burn**. Trust me, we are all better off with sticking to regular Juul pods. Don't waste money like I did." *See* "I tried every Airbender pod and can honestly say..." REDDIT, available at https://www. reddit.com/r/juul/comments/8bccpk/i_tried_every_airbender_pod_and_ can_honestly_say/.

**Eonsmoke Device**

- "Hey everyone **thought I would speak my mind after owning the 'juul device' that eon smoke sells** aka the maker of eon pods.  First of all let's start it off by saying I do not recommend it to anybody.  In my own terms I would

put the 'juul exchange' (send your own juul in and they give you one of their devices) as a blind money grab.  Shipping took ages, support is minimal and there's more behind the device that you don't know.  **The eon device is cheap, badly manufactured and there's a large amount of pod problems.**" *See* "Eon smoke 'juul device,'" REDDIT, available at https://www.reddit.com/ r/juul/comments/9a16dv/eon_smoke_juul_device/.

**Eonsmoke Pods**

- "From my personal experience. I've had **a lot of leaking pods from eon** . … Btw idk if it's just me but **they don't last at all**. Like a regular juul pod lasts me two days and eon last me a day." *See* "Eonsmoke pods - are they worth it?" REDDIT, available at https://www.reddit.com/r/juul/comments/a4b0o0/ eonsmoke_pods_are_they_worth_it/.

- "Well i ordered some fresh watermelon and blueberry pods and all 8 are **leaking to all hell**. I pulled one out and took 3 rips, and when i pulled it out of my juul it was half empty. Safe to say **eon pods are 100% abject garbage** and they dont deserve your money." *See* "HEY EONSMOKE DUDE YOU'RE PODS ARNET FIXED THEY LEAK TO ALL HELL," REDDIT, available at https://www.reddit.com/r/juul/comments/8akrik/hey_eonsmoke_ dude_youre_pods_arnet_fixed_they/.

**PlusPods**

- "[T]hey **leak a lot** and the liquid seems to go buy really fast. you also sometimes get **burnt hits** which are **nasty** af" *See* "Has anyone tried plus pods?" REDDIT, available at https://www.reddit.com/r/juul/comments/at4iay/ has_anyone_tried_plus_pods/?ref=readnext.

**ZPods**

- "I'm wondering if I got a **bad batch** or if they changed the formula. The juice in the pod is usually clear, but both 4-packs I bought yesterday are sort of a **yellowish color**. Plus they **do not taste good** at all anymore. Fresh out of the package they just taste....weird. More like menthol than mint, with an **unpleasant aftertaste**." *See* "Ziip pods question," REDDIT, available at https://www.reddit.com/r/juul/comments/90ineq/ziip_pods_question/.

57.     Defendants' infringement of JuulLabs' design patents and their unfair competition against Juul Labs is damaging and irreparably injuring Juul Labs, and, unless Defendants are preliminarily and permanently enjoined, they will further damage and irreparably injure Juul Labs and the goodwill and reputation it has built through its patented products.

58.     Moreover, Defendants' misconduct has irreparably injured the public, and, unless preliminarily and permanently enjoined, it will further irreparably injure the public, which has an interest in keeping Defendants' illegal products out of the hands of users — particularly youth — as well as an interest in being free from deception, confusion, and mistake in the marketplace.

## COUNT I.: Infringement of the D'102 Patent

59.     Juul Labs repeats and re-alleges paragraphs 1-58 as if fully set forth herein.

60.     Defendants have been, and presently are, infringing the D'102 patent within this judicial district and elsewhere by using, making, selling, offering to sell, and/or importing into the United States, the Eonsmoke Device and ZDevice in violation of 35 U.S.C. §§ 271 and 289.

61.     Juul Labs is informed and believes, and on that basis alleges, that Defendants' infringement of the D'102 patent has been and continues to be intentional, willful, and without regard to Juul Labs' rights.

62.     Juul Labs is informed and believes, and on that basis alleges, that Defendants have gained profits and received investments by virtue of their infringement of the D'102 patent.

63.     Juul Labs has sustained damages as a direct and proximate result of Defendants' infringement of the D'102 patent.

64.     Juul Labs will suffer and is suffering irreparable harm from Defendants' infringement of the D'102 patent.  Juul Labs has no adequate remedy at law and is entitled to an injunction against Defendants' continuing infringement of the D'102 patent.  Unless enjoined, Defendants will continue their infringing conduct.

## COUNT II.: Infringement of the D'536 Patent

65.     Juul Labs repeats and re-alleges paragraphs 1-64 as if fully set forth herein.

66.     Defendants have been, and presently are, infringing the D'536 patent within this judicial district and elsewhere by using, making, selling, offering to sell, and/or importing into

the United States, products identified in this Complaint in violation of 35 U.S.C. §§ 271 and 289.
Without limitation, this includes pods branded as Eonsmoke, ZLab, Airbender, PlusPods, and 4x.

67.     Juul Labs is informed and believes, and on that basis alleges, that Defendants'
infringement of the D'536 patent has been and continues to be intentional, willful, and without
regard to Juul Labs' rights.

68.     Juul Labs is informed and believes, and on that basis alleges, that Defendants
have gained profits and received investments by virtue of their infringement of the D'536 patent.

69.     Juul Labs has sustained damages as a direct and proximate result of Defendants'
infringement of the D'536 patent.

70.     Juul Labs will suffer and is suffering irreparable harm from Defendants'
infringement of the D'536 patent.  Juul Labs has no adequate remedy at law and is entitled to an
injunction against Defendants' continuing infringement of the D'536 patent.  Unless enjoined,
Defendants will continue their infringing conduct.

### COUNT III.: Infringement of the D'419 Patent

71.     Juul Labs repeats and re-alleges paragraphs 1-70 as if fully set forth herein.

72.     Defendants have been, and presently are, infringing the D'102 patent within this
judicial district and elsewhere by using, making, selling, offering to sell, and/or importing into
the United States, the USB chargers for the Eonsmoke Device and ZDevice in violation of 35
U.S.C. §§ 271 and 289.

73.     Juul Labs is informed and believes, and on that basis alleges, that Defendants'
infringement of the D'102 patent has been and continues to be intentional, willful, and without
regard to Juul Labs' rights.

74.     Juul Labs is informed and believes, and on that basis alleges, that Defendants
have gained profits and received investments by virtue of their infringement of the D'102 patent.

75.     Juul Labs has sustained damages as a direct and proximate result of Defendants'
infringement of the D'102 patent.

76.     Juul Labs will suffer and is suffering irreparable harm from Defendants'
infringement of the D'102 patent.  Juul Labs has no adequate remedy at law and is entitled to an
injunction against Defendants' continuing infringement of the D'102 patent.  Unless enjoined,
Defendants will continue their infringing conduct.

### COUNT IV.:  Common Law Unfair Competition

77.     Juul repeats and re-alleges paragraphs 1-76 as if fully set forth herein.

78.     Defendants are selling products in direct competition with Juul Labs that
misappropriate Juul Labs' patented designs and trade off of Juul Labs' goodwill without
authorization.  Juul Labs is therefore being unfairly forced to compete against its own designs in
the marketplace.

79.     Defendants are also selling nicotine products that have not been approved by the
FDA and which are thereby prohibited and illegal for Defendants to sell.  Defendants' products
also appear to lack necessary quality controls, raise safety issues, and create negative public
perception about health and safety that are being wrongly and mistakenly attributed to Juul Labs.

80.     Defendants' unscrupulous, unauthorized, and unlawful actions constitute common
law unfair competition.

81.     Juul Labs is informed and believes, and on that basis alleges, that Defendants
have made profits and gains, and received investments, by virtue of their unfair competition.

82.     As a result of Defendants' unauthorized and unlawful actions, the reputation of
Juul Labs has been, and continues to be, harmed.  Juul Labs continues to suffer immediate and
irreparable injury as a result.

83.     Further, Juul has suffered damages, including, but not limited to, loss of sales and damage to its existing and potential business relationships.

84.     Juul Labs has no adequate remedy at law, and if Defendants' unfair competition is not enjoined, Juul will continue to suffer irreparable harm to the name, reputation, and goodwill of the Juul brand.

## COUNT V.:  Tortious Interference with Prospective Economic Advantage

85.     Juul Labs repeats and re-alleges paragraphs 1-84 as if fully set forth herein.

86.     Defendants' actions have disrupted or are intended to disrupt Juul Labs' business by, among other things, diverting consumers away from Juul Labs' products and to Defendants' infringing products, through using designs identical and/or confusingly similar to Juul Labs' protected designs.

87.     In doing so, Defendants have gained access to Juul Labs' customers, as to which Juul Labs had a reasonable expectation of economic benefit.  Juul Labs has lost sales because of Defendants' sales of the accused products.

88.     Defendants knew or should have known about Juul Labs' expected economic benefit.  Defendants have no legal right, privilege or justification for their conduct.   Absent Defendants' wrongful and deceptive conduct, Juul Labs would have made sales that Defendants have made instead.

89.     Based on the intentional, willful, and malicious nature of Defendants' actions, Juul Labs is entitled to recover monetary damages, exemplary or punitive damages, and reasonable attorneys' fees and costs incurred in connection with this action.

90.     Juul Labs has no adequate remedy at law, and if Defendants' intentional interference with Juul Labs' prospective economic advantage is not enjoined, Juul Labs will

continue to suffer monetary damages and irreparable injury to the name, reputation, and goodwill of the Juul brand.

## COUNT VI.:  Unjust Enrichment

91.     Juul repeats and re-alleges paragraphs 1-90 as if fully set forth herein.

92.     As a result of the conduct alleged herein, Defendants have been unjustly enriched to Juul Labs' detriment.  Juul Labs seeks a worldwide accounting and disgorgement of all ill-gotten gains and profits, including received investments, resulting from Defendants' inequitable activities.

## COUNT VII.:  Fraudulent Misrepresentation

93.     Juul repeats and re-alleges paragraphs 1-92 as if fully set forth herein.

94.     Defendants, jointly and severally, and without Plaintiff's consent and authorization, knowingly, intentionally, and falsely misrepresented to the public that they and their products were affiliated, sponsored, or otherwise endorsed by Juul Labs, and made further misrepresentations about the use and performance of Juul Labs' products.

95.     The false and fraudulent misrepresentations of Defendants, all of which were material, were undertaken with the knowledge and intent that unsuspecting consumers would be deceived into believing and relying upon said misrepresentations, and that said representations were authorized by Juul Labs.

96.     Juul Labs has been injured in its business, property, and reputation and such injury also is irreparable as a result of Defendants' unlawful, fraudulent, and infringing actions as alleged herein, which were intentional, malicious, and willful.  Those members of the public who have been deceived by Defendants' misconduct may use Juul Labs' products believing Defendants' misrepresentations, and thereby misuse Juul Labs' products to their potential detriment.  For example, based on Defendants' misrepresentations, consumers have, and likely

will continue to, use Defendants' pods in the Juul Device, or JUULPods in one of Defendants' devices.  Such use is not authorized by Juul Labs and has already led to safety and health risks.  This in turn negatively affects Juul Labs' reputation and business.  Such consequences to the public and Juul Labs are immeasurable and incalculable.

97.     Juul Labs has no adequate remedy at law, and if Defendants' fraudulent misrepresentations are not enjoined, Juul Labs will continue to suffer irreparable harm to the name, reputation, and goodwill of the Juul brand.

<u>**COUNT VIII.:  Negligent Misrepresentation**</u>

98.     Juul Labs repeats and re-alleges paragraphs 1-97 as if fully set forth herein.

99.     Defendants, jointly and severally, and without Plaintiff's consent and authorization, negligently misrepresented to the public that they and their products were affiliated, sponsored, or otherwise endorsed by Juul Labs, and made further misrepresentations about the use and performance of Juul Labs' products.

100.     Defendants have, at minimum, negligently held themselves out as having the right to make representations about the use and performance of Juul Labs' products, including in combination with Defendants' products.  Defendants have negligently misrepresented Juul Labs' position regarding the use and performance of Juul Labs' products, which is that there are no truly "Juul compatible" cartridges other than those manufactured by Juul Labs alone.  An unsuspecting consumer, directly relying on the misrepresentations, could misuse Juul Labs' products causing injury to members of the public who were deceived into misusing the products.

101.     Juul Labs has been injured in its business, property, and reputation as a result of Defendants' negligent misrepresentations.

102.     Juul Labs has no adequate remedy at law, and if Defendants' negligent misrepresentation is not enjoined, Juul will continue to suffer irreparable harm to the name, reputation, and goodwill of the Juul brand.

## PRAYER FOR RELIEF

WHEREFORE, Juul Labs requests entry of judgment against Defendants as follows:

A.     A judgment that Defendants have infringed each of the D'102, D'536, and D'419 patents;

B.     A judgment that Defendants have engaged in unfair competition, fraudulent misrepresentation, and negligent misrepresentation;

C.     An order and judgment preliminarily and permanently enjoining Defendants and their affiliates, officers, agents, servants, employees, attorneys, dealers, confederates, and all those persons acting for, with, by, through, under, or in active concert with them from any further acts of infringement of the D'102, D'536, and D'419 patents;

D.     An order preliminarily and permanently enjoining Defendants and their officers, agents, affiliates, employees, and attorneys, and all those persons acting or attempting to act in concert or participation with them, from designing, making, transferring, importing, exporting, selling, distributing, advertising, or marketing any tobacco- or nicotine-related products, including devices or pods, without first providing sufficient proof to the Court that such products have been approved by the FDA for sale in the United States (and this relief to include all online activities as well);

E.     Actual damages suffered by Juul Labs as a result of Defendants' unlawful conduct, in an amount to be proven at trial, as well as prejudgment interest as authorized by law;

F.     Reasonable funds for future corrective advertising;

G.     An accounting of Defendants' profits pursuant to 35 U.S.C. § 289;

H.     An award of compensatory, consequential, statutory, special, and/or punitive damages, including treble damages, to Juul Labs in an amount to be determined at trial;

I.     Restitutionary relief against Defendants and in favor of Juul Labs, including disgorgement of wrongfully obtained profits and any other appropriate relief;

J.     Costs of suit and reasonable attorneys' fees;

K.     Finding of the case to be exceptional;

L.     Any other remedy to which Juul Labs may be entitled, including all remedies provided for in 35 U.SC. §§ 284, 285, and 289, and under any other law; and

M.     Such other relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands trial to a jury on all issues so triable.

Dated: March 12, 2019                      Respectfully submitted,

By: /s/ __Arnold B. Calmann_____
Arnold B. Calmann
Jakob B. Halpern
SAIBER LLC
One Gateway Center
10th Floor, Suite 1000
Newark, New Jersey 07102
Tel.: 973.622.3333
Fax: 973.286.2465

Kevin P.B. Johnson
Victoria F. Maroulis
QUINN EMANUEL URQUHART
   & SULLIVAN LLP
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065
Tel.:   (650) 801-5000
Fax:   (650) 801-5100

*Attorneys for Plaintiff*
*JUUL LABS, INC.*

## <u>LOCAL CIVIL RULE 11.2 CERTIFICATION</u>

Pursuant to Local Civil Rule 11.2, the undersigned counsel hereby certifies that this matter in controversy is the subject of the following other matters pending in this Court:

1. ***Juul Labs, Inc. v. Eonsmoke, LLC, et al.*, Civil Action No. 18-14608**, before the Hon. Jose L. Linares, U.S.D.J.;

2. ***Juul Labs, Inc. v. King Distribution LLC, et al.*, Civil Action No. 18-9233**, before the Hon. Susan D. Wigenton, U.S.D.J.;

3. ***Juul Labs, Inc. v. HugeTrunk.com, et al.*, Civil Action No. 18-10281**, before the Hon. Esther Salas, U.S.D.J.;

4. ***Juul Labs, Inc. v. 4X Pods, et al.,* Civil Action No. 18-15444**, before the Hon. Kevin McNulty, U.S.D.J., and

5. ***Juul Labs, Inc. v. Juul Monster, et al.*, Civil Action No. 19-6399**, before the Hon. Susan D. Wigenton, U.S.D.J.

Date:  March 12, 2019                    Respectfully submitted,


                                         By: */s/   Arnold B. Calmann*
                                         Arnold B. Calmann
                                         Jakob B. Halpern
                                         SAIBER LLC
                                         One Gateway Center
                                         10th Floor, Suite 1000
                                         Newark, New Jersey 07102
                                         Tel.: 973.622.3333
                                         Fax: 973.286.2465

                                         Kevin P.B. Johnson
                                         Victoria F. Maroulis
                                         QUINN EMANUEL URQUHART
                                           & SULLIVAN LLP
                                         555 Twin Dolphin Dr., 5th Floor
                                         Redwood Shores, California 94065
                                         Tel.:    (650) 801-5000
                                         Fax:    (650) 801-5100

*Attorneys for Plaintiff*
*JUUL LABS, INC.*

## <u>LOCAL CIVIL RULE 201.1 CERTIFICATION</u>

Under Local Civil Rule 201.1, the undersigned counsel for Plaintiff Juul Labs, Inc.

hereby certifies that it seeks both monetary damages greater than $150,000 and injunctive and

other equitable relief, and therefore this action is not appropriate for compulsory arbitration.

Date:  March 12, 2019                    Respectfully submitted,

                                                By: */s/   Arnold B. Calmann*
                                              Arnold B. Calmann
                                              Jakob B. Halpern
                                              SAIBER LLC
                                              One Gateway Center
                                              10th Floor, Suite 1000
                                              Newark, New Jersey 07102
                                              Tel.: 973.622.3333
                                              Fax: 973.286.2465

                                              Kevin P.B. Johnson
                                              Victoria F. Maroulis
                                              QUINN EMANUEL URQUHART
                                                & SULLIVAN LLP
                                              555 Twin Dolphin Dr., 5th Floor
                                              Redwood Shores, California 94065
                                              Tel.:    (650) 801-5000
                                              Fax:    (650) 801-5100

                                              *Attorneys for Plaintiff*
                                              *JUUL LABS, INC.*

## <u>VERIFICATION OF VERIFIED COMPLAINT</u>

I, Timothy Danaher, under penalty of perjury of the laws of the United States declare:

I am employed by Juul Labs, Inc. as Chief Financial Officer and I have read, and am familiar with, and have personal knowledge of the contents of the foregoing Verified Complaint; and that the allegations thereof are true and correct or, to the extent that matters are not within my personal knowledge, that the facts stated therein have been assembled by authorized personnel, including counsel, and that I am informed that the facts stated therein are true and correct.

Executed on March 12, 2019.

Timothy Danaher
Chief Financial Officer
Juul Labs, Inc.