Arnold B. Calmann (abc@saiber.com)
Jakob B. Halpern (jbh@saiber.com)
SAIBER LLC
One Gateway Center
10th Floor, Suite 1000
Newark, New Jersey 07102
Tel.: 973.622.3333
Fax: 973.286.2465

Kevin P.B. Johnson (kevinjohnson@quinnemanuel.com)
Victoria F. Maroulis (victoriamaroulis@quinnemanuel.com)
QUINN EMANUEL URQUHART
  & SULLIVAN LLP
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065
Tel.:   (650) 801-5000
Fax:   (650) 801-5100

*Attorneys for Plaintiff*
*JUUL LABS, INC.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUUL LABS, INC., <br><br> Plaintiff, <br><br> v. <br><br> EONSMOKE, LLC, <br> ZLAB S.A., <br> ZIIP LAB CO., LTD., <br> SHENZHEN YIBO TECHNOLOGY CO., LTD., and <br> JOHN DOES 1-50, <br><br> Defendants. | Civil Action No.  19-8405 (JMV) (MF) <br><br><br> **DECLARATION OF KEVIN COOKE IN SUPPORT OF JUUL LABS' <u>MOTION TO SEAL</u>** <br><br> *Document Filed Electronically* |

1

I, Kevin Cooke, hereby declare as follows:

1.  I am the Senior Vice-President of U.S. Commercial Sales at Plaintiff Juul Labs, Inc. ("Juul Labs").

2.  I submit this declaration in support of Juul Labs' Motion to Seal portions of the Declaration of Timothy Danaher, Exhibit 1 to the Declaration of Timothy Danaher, portions of the Declaration of Michael Walter, Exhibit 1 to the Declaration of Michael Walter, and Exhibit 2 to the Declaration of Michael Walter, which were filed under temporary seal.

3.  I have personal knowledge of the facts set forth herein or believe such facts to be true based upon personal knowledge of information provided by knowledgeable persons who work with me at Juul Labs.

4.  This case concerns a design patent infringement dispute between Juul Labs and the Defendants listed above.

5.  Juul Labs competes with others in connection with the development and sale of electronic delivery systems ("ENDS") in both domestic and foreign markets.

6.  Juul Labs has spent substantial time and resources developing and maintaining its trade secrets and other proprietary information related to its ENDS products.

7.  Juul Labs' development and maintenance of its trade secrets and proprietary information related to these ENDS products is ongoing.

8.  Juul Labs' trade secrets and proprietary information related to its ENDS products, and that of its vendors, are highly confidential. Examples of such trade secrets and proprietary information include information relating to the research and development of Juul Labs' ENDS products, Juul Labs' financial information, Juul Labs' research into its market position and that of its competitors (including third party data regarding Juul Lab's market position provided to

Juul Labs on a confidential basis), and independent behavioral research studies commissioned by Juul Labs regarding the perception of Juul Lab's products.

9. All such trade secrets and proprietary information is, and always has been, maintained by Juul Labs as confidential and secret.

10. If Juul Labs' trade secrets and proprietary information were to become available to the public or Juul Labs' competitors, Juul Labs would suffer serious commercial harm or disadvantage. Specifically, the disclosure of trade secrets or proprietary information, including the types of information contained in paragraph 8, would allow third parties, including but not limited to Juul Labs' current and potential competitors, trading partners, vendors, suppliers, and purchasers, to take advantage of the knowledge to Juul Labs' disadvantage regarding its competitive standing and activities in the marketplace and commercial relationships.

11. Attached to Juul Labs' Notice of Motion as Exhibit 1 is an Index containing the information that Juul Labs' seeks to seal and the information required under Local Civil Rule 5.3(c)(3).

12. Accordingly, it is respectfully requested that the Court protect Juul Labs' trade secret and proprietary information and grant Juul Labs' request to retain certain information under seal presented in the Motion to Seal.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 22 day of April 2019.

_____
Kevin Cooke