**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JUUL LABS, INC.,** | Civil Action No. 19-8405 (JMV) (MF) |
| **Plaintiff,** | |
| v. | ORDER GRANTING JUUL LABS, INC.'S MOTION TO SEAL |
| **EONSMOKE, LLC,** **ZLAB S.A.,** **ZIIP LAB CO., LTD.,** **SHENZHEN YIBO TECHNOLOGY CO., LTD., and** **JOHN DOES 1-50,** | *Document Filed Electronically* |
| **Defendants.** | |

**THIS MATTER** having been brought before the Court upon the Motion of Juul Labs, Inc. ("Juul Labs"), pursuant to Local Civil Rule 5.3(c), to permanently seal portions of the following documents:

- Declaration of Timothy Danaher (ECF No. 11);

- Exhibit 1 to the Declaration of Timothy Danaher (ECF No. 11-1);

- Declaration of Michael Walter (ECF No. 11-2);

- Exhibit 1 to the Declaration of Michael Walter (ECF No. 11-3); and

- Exhibit 2 to the Declaration of Michael Walter (ECF No. 11-4)

which were filed under temporary seal[1] ("the Confidential Information"); and Juul Labs having reported to the Court that Defendants consent to entry of the within Order; and the Court having

---

[1] The unredacted versions of these documents were filed under seal at ECF No. 11. The redacted versions of these documents were filed at ECF No. 12.

1

found that the standards of Local Civil Rule 5.3(c)(3) have been met and support the sealing of the Confidential Information as set forth below; and for the reasons set forth in the record of the proceedings, and for other good cause having been shown;

The Court adopts the following Findings of Fact and Conclusions of Law:

I. **THE NATURE OF THE MATERIALS OR PROCEEDINGS AT ISSUE**

    A. **Findings of Fact**

1. Juul Labs seeks to permanently seal its Confidential Information.

2. Local Civil Rule 5.3(c) requires the moving party to show:

    a. the nature of the materials or proceedings at issue;

    b. the legitimate private or public interests which warrant the relief sought;

    c. the clearly defined and serious injury that would result if the relief sought is not granted; and

    d. why a less restrictive alternative to the relief sought is not available.

3. The Confidential Information discloses and refers to sensitive internal business, research and development, and market position information.

    B. **Conclusions of Law**

4. Common law recognizes a public right of access to judicial proceedings and records. *Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183, 192 (3d Cir. 2001) (citing *Littlejohn v. BIC Corp.*, 851 F.2d 673, 677-78 (3d Cir. 1988)). The party seeking to seal any part of a judicial record bears the burden of demonstrating that "the material is the kind of information that courts will protect." *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)).

5. This Court has the power to seal where confidential information may be disclosed to the public. Fed. R. Civ. P. 26(c)(1)(G) allows the court to protect materials containing "trade secret[s] or other confidential research, development, or commercial information[,]" upon motion by a party, to prevent harm to a litigant's competitive standing in the marketplace. *See Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd.*, 529 F. Supp. 866, 889-91 (E.D. Pa. 1981).

## II.     THE LEGITIMATE PRIVATE OR PUBLIC INTEREST THAT WARRANTS THE RELIEF SOUGHT

### A.     Findings of Fact

6. The Confidential Information sought to be sealed consists of information that Juul Labs asserts is confidential and proprietary.

7. Juul Labs has an interest in not publicly disclosing this information, and relies on such information to gain a competitive advantage in the e-cigarette industry.

### B.     Conclusions of Law

8. Courts have recognized that the presumption of public access is not absolute and may be rebutted. *Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991). "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Littlejohn*, 851 F.2d at 678 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

9. Courts may deny access to and seal a document when it encompasses business information that might harm a litigant's competitive standing. *See Littlejohn*, 851 F.2d at 678 (citations omitted).

10. The District of New Jersey has held that the inclusion of trade secrets and other confidential information in documents warrant the sealing of such documents. "A well-settled

exception to the right of access is the 'protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm.'" *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653, 664 (D.N.J. 2004) (citation omitted). "The presence of trade secrets or other confidential information weighs against public access and, accordingly, documents containing such information may be protected from disclosure." *Id*. (citations omitted).

### III.   CLEARLY DEFINED AND SERIOUS INJURY WOULD RESULT IF THE RELIEF SOUGHT IS NOT GRANTED

#### A.   Findings of Fact

11. As it consists of non-public trade secrets that are otherwise unavailable to third parties, the public disclosure of the Confidential Information would pose a substantial risk of harm to Juul Labs' legitimate proprietary interests and competitive positions.

12. If the Confidential Information were to become publicly available, Juul Labs' competitors could potentially use that information in the highly competitive e-cigarette industry.

#### B.   Conclusions of Law

13. The District Court has discretion to balance the factors for and against access to court documents. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 781 (3d Cir. 1994).

14. If the Confidential Information were to become publicly available, Juul Labs' competitors could potentially use that information in the highly competitive e-cigarette industry.

15. Protection of a party's interest in confidential commercial information, such as a trade secret, is a sufficient threat of irreparable harm, and is clearly defined as a serious injury. *See Publicker*, 733 F.2d at 1071.

4

## IV.    NO LESS RESTRICTIVE ALTERNATIVE IS AVAILABLE

### A.    Findings of Fact

16. Once confidential information is disclosed to the public, it can never again be sealed or maintained as private. The request to seal the Confidential Information is tailored to restrict access only to Juul Labs' confidential and proprietary non-public information.

17. The disclosure of this confidential, proprietary information would pose a financial and competitive risk to Juul Labs. Accordingly, the only way to protect Juul Labs' confidential interests is to seal the Confidential Information.

18. Only those portions of the Declaration of Timothy Danaher, Exhibit 1 to the Declaration of Timothy Danaher, portions of the Declaration of Michael Walter, Exhibit 1 to the Declaration of Michael Walter, and Exhibit 2 to the Declaration of Michael Walter containing confidential and proprietary information will be sealed.

19. Redacted versions of the foregoing documents have been filed on the Docket at ECF No. 12.

### B.    Conclusions of Law

20. The sealing of confidential documents and information is an accepted practice in the District of New Jersey. *See, e.g.*, *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653 (D.N.J. 2004).

21. For all the above reasons, and because Juul Labs' interests in its Confidential Information identified herein outweigh the minimal, if any, public interest in its disclosure, there is good cause to grant the instant Motion to Seal with respect to Juul Labs' Confidential Information identified below.

**THEREFORE**, for the above reasons, it is on this _____ day of _____, 2019,

**ORDERED** that Juul Labs' unopposed Motion, pursuant to Local Civil Rule 5.3(c), to permanently seal portions of the Declaration of Timothy Danaher, Exhibit 1 to the Declaration of Timothy Danaher, portions of the Declaration of Michael Walter, Exhibit 1 to the Declaration of Michael Walter, and Exhibit 2 to the Declaration of Michael Walter, which were filed under temporary seal, be and is hereby **GRANTED**; and it is further

**ORDERED** that the Declaration of Timothy Danaher, Exhibit 1 to the Declaration of Timothy Danaher, the Declaration of Michael Walter, Exhibit 1 to the Declaration of Michael Walter, and Exhibit 2 to the Declaration of Michael Walter, which were filed under temporary seal at ECF No. 11 and the redacted versions of which have been filed on the docket at ECF No. 12, shall be permanently sealed and maintained under seal by the Court.

_____
**HONORABLE MARK FALK**
**UNITED STATED MAGISTRATE JUDGE**